UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-215 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Andre Garner, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery, disclosure and other nondispositive relief. Based on the parties' agreement, the Court cancelled the September 15, 2023 motions hearing in this matter (ECF No. 30). The Court will take Defendant's Motion to Suppress (ECF No. 28) under advisement following receipt of the Government's brief in opposition, which is due on or before September 20, 2023, and will evaluate that motion in a separate Report and Recommendation. (*Id.*) Based upon the parties' written submissions, and on the entire file, the Court enters the following Order on the remaining motions.

I. **Government's Motion for Discovery Pursuant to Federal Rules of Civil Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (ECF No. [17])**

The Government seeks discovery and disclosure as required by Rules 12.1, 12.2, 12.3, 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The Government's motion is **GRANTED** insofar as Mr. Garner shall provide discovery to the extent required by the applicable Rules. The obligation to provide discovery is continuing. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

a. Initial expert disclosures: **28 days** prior to trial.

b. Rebuttal expert disclosures: **14 days** prior to trial.

1

## II. Defendant's Motion for Disclosure of 404 Evidence (ECF No. [21])

Mr. Garner's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED IN PART**. The Government shall make such disclosures at least **21 days** prior to trial. This obligation does not apply to any acts that may be inextricably intertwined with the charged offenses.

## III. Defendant's Motion to Compel Production of *Brady* Materials (ECF No. [22])

Mr. Garner's motion seeking exculpatory and impeaching information is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 105 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government. All *Brady* materials not previously disclosed shall be disclosed as soon as practicable. The Government is not required to identify exculpatory materials within the materials disclosed.

## IV. Defendant's Motion for Disclosure and Inspection (ECF No. [23])

Mr. Garner's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

a. Initial expert disclosures: 28 days prior to trial.

b. Rebuttal expert disclosures: 14 days prior to trial.

This Order does not require early, pretrial disclosure of witness or exhibit lists or the disclosure of grand jury materials, except as otherwise required under *Brady*, *Giglio*, the Jencks

Act, or other applicable rules. *See United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985) (disclosure of grand jury materials not required absent a showing of particularized need).

V.      **Defendant's Motion for Disclosure of Informants and Witnesses (ECF No. [24])**

Mr. Garner seeks an order compelling the Government to disclose the names and addresses of any informants and cooperating individuals who were working with, or utilized by, law enforcement officials in the investigation of this matter, so long as such individuals were: actively participating in the offenses charged or were witnesses to the offenses charged, *and* disclosure of their identities would be useful to the defendant and result in a fair resolution of the proceedings. He also requests the opportunity to interview any informant or cooperative witness the Government is compelled to disclose.

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'" *United States v. Washington*, No. 21-cr-126 (ADM/ECW), 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001)), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022). "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted). There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Rovario v. United States*, 353 U.S. 53, 62 (1957).

The Government represents that it used one confidential reliable informant ("CRI") in the course of investigating this matter and that this individual was a mere 'tipster' whose disclosure

3

is not required. *See, e.g.*, *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) ("[T]he identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion.").

The Court **GRANTS** Mr. Garner's motion **IN PART**. The Government must disclose any informant who actively participated in the offense charged or was a witness to the offense charged, if disclosure of the informant's identity would be useful to the defendant and result in a fair resolution of the proceeding. *See Rovario*, 353 U.S. at 60–65. The Motion is otherwise **DENIED**. *Lapsley*, 334 F.3d at 763. Disclosure of the identity of the Government's CRI will not be required absent a particularized challenge to the Government's characterization of the CRI as a mere tipster. Moreover, "the Government's disclosure obligation with respect to confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identify and location so that the defendant may contact the informant and request an interview or subpoena his or her testimony at trial." *United States v. Abari*, 19-cr-103 (MJD/ECW), 2020 WL 1983732, at *5 (D. Minn. Apr. 27, 2020) (citing *United States v. Padilla*, 869 F.2d 372, 376–77 (8th Cir. 1989)). Mr. Garner's Motion is accordingly **DENIED** to the extent he requests an order requiring the Government to make any informant it may disclose available for interview.

VI. **Defendant's Motion for Early Jencks Act Material (ECF No. [25])**

Mr. Garner's motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). However, the Government has agreed to provide any Jencks Act material it has not already disclosed at least three business days prior to the commencement of trial. The Court encourages the Government to disclose Jencks Act material not previously disclosed at least 3 days prior to the commencement of trial, and to

4

engage in "open-file" discovery, if possible, to ensure that there are no unnecessary delays at trial and to promote the fairness of the proceedings.

### VII. Defendant's Motion for Government to Retain Rough Notes (ECF No. [26])

Mr. Garner seeks an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records. The Government does not oppose Mr. Garner's request to preserve rough notes but does oppose the motion to the extent it seeks disclosure of rough notes.

Mr. Garner's motion for an order requiring the Government's investigators to retain and preserve their rough notes is **GRANTED**. Disclosure of rough notes is not required at this time. If at a later date the discoverability of those notes becomes an issue, the Court will rule on the issue at that time.

**SO ORDERED**.

Dated: August 28, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge